UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL LYNN PRATT                     CIVIL ACTION NO. 07-cv-2042

VERSUS                                 REFERRED TO:

U.S. COMMISSIONER SOCIAL               MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

Michael Pratt ("Plaintiff") filed an application for Supplemental Security Income payments on a claim that he is impaired by gouty arthritis. Plaintiff has a limited education and past relevant work as a truck driver. He was 46 years old at the time ALJ D. Whit Haigler, Jr. issued his decision to deny benefits at step five of the sequential analysis.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

Plaintiff raises a single issue on appeal. The ALJ determined that Plaintiff's statements concerning the extent of his alleged symptoms were not entirely credible. Plaintiff argues that the finding does not comply with the requirements of Social Security Ruling 96-7p. That ruling contains detailed provisions regarding how an ALJ should assess

the credibility of a claimant's statements about his symptoms. It provides that it is not sufficient for the ALJ to make a single, conclusory statement that the allegations have been considered or that they are not credible. It is also not enough for the ALJ simply to recite the factors that are described in the regulations for evaluating symptoms. The determination must contain specific reasons, supported by evidence in the record, and it must be sufficiently specific to make clear to the claimant and any subsequent reviewers the weight the adjudicator gave to the statements and the reasons for that weight.

Plaintiff did not testify at the hearing, so there is no live testimony to assess. Plaintiff did file a written function report in connection with his application. He wrote that when he is not hurting he can get up and fix a bite to eat, watch T.V., or maybe even go fishing. But, Plaintiff wrote, when he is hurting he can barely dress himself but does so anyway. He reported that he used to cook every day, but now he is able to prepare food or meals only once or twice a week because his feet, knees, elbows, ankles, and hands swell up and hurt. The rest of Plaintiff's report suggested similar pain and difficulties. Tr. 75-82.

The ALJ found that the records from Plaintiff's treating primary care physician were almost totally indecipherable and of little, if any, probative value. Plaintiff's counsel has attempted to interpret the records in his brief, and he states that they reflect prescriptions for Lortab and other drugs in response to Plaintiff's reports of pain in various joints.

Dr. Mohammad Burney conducted a consultative examination in 2005. Plaintiff demonstrated a normal gait and station. He had not demonstrated any symptomatic joint, did

not use any assistive device, and was not in any physical therapy. In addition to a physical examination, Dr. Burney took X-rays. His impression was mild gouty arthropathy based on the clinical history. "However, today's examination is quite benign" except for radiographic evidence of joint arthropathy on the right hand. Tr. 94-5.

Plaintiff hired Tri-State Physical Therapy to perform a one-day functional capacity evaluation, and he submitted the report to the agency. The evaluator found that Plaintiff had the RFC to perform restricted-medium work. The ALJ noted that the therapist was not technically an acceptable medical source, but he found him "highly credible and reputable," noting that many treating doctors rely on his reports and evaluations. The ALJ essentially adopted the RFC found by the evaluation, which begins at Tr. 108.

The ALJ acknowledged Plaintiff's claim that he is disabled by his gouty arthritis and accompanying pain, stiffness, and swelling in his joints. The ALJ pointed out that Plaintiff had claimed that he needed crutches to assist in walking, but the medical evidence did not document a need for any assistive device. The ALJ observed that Plaintiff reported to Dr. Burney that he visited LSU-HSC regularly for pain medications, but the records from that hospital did not address any treatment for gout or impairment of the spine. The ALJ also generally compared Plaintiff's claims to the lesser limitations found by the consultative orthopedist and the physical therapist, and he discussed how Plaintiff was taking the proper medication to treat his gout so that it should provide relief during flare-ups. If the ongoing

medications were not providing relief, the ALJ reasoned, it would seem reasonable that the primary care physician would have made a change in the medications.

An ALJ's findings on credibility of a claimant and the debilitating effect of subjective symptoms is an issue in which the courts afford great deference to the ALJ. See Spruill v. Astrue, 2008 WL 4870980 (5th Cir. 2008). The ALJ may not make a mere conclusory determination regarding credibility, and this court has reversed decisions that were wanting in that regard. In this case, however, the ALJ's opinion, as a whole, gives sufficient reasons and points to particular evidence for his rejection of the extent of pain and other symptoms claimed by Plaintiff. The ALJ perceived conflicts between written statements by Plaintiff and the medical record, and he generally chose to accept the fairly detailed and objective medical (and physical therapist) findings over Plaintiff's written application forms. The ALJ's discussion of the relevant factors was adequate to inform Plaintiff of the reasons for the ALJ's assessment and to permit this court to conduct a meaningful review of the credibility determination. See Clary v. Barnhart, 2007 WL 201145 (5th Cir. 2007) ("The ALJ is not required to mechanically follow every guiding regulatory factor in articulating reasons for denying claims or weighing credibility") and Undheim v. Barnhart, 2007 WL 178062 (5th Cir. 2007) ("An ALJ is not required to follow formalistic rules when articulating the reasons for his credibility determination").

Plaintiff takes issue with several of the points made by the ALJ, and reasonable minds could perhaps have come to different conclusions with regard to the weight of some of the

factors. But, in the end, the ALJ gave adequate reasons to support his credibility assessment, and it was a reasonable one that withstands review under the substantial evidence standard. Accordingly, the Commissioner's decision to deny benefits is affirmed. A judgment will be entered in accordance with this ruling.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of January, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE